# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **LOVELAND CITY SCHOOL** | : | **Case No. C-1-02-202** |
| **DISTRICT BOARD OF EDUCATION,** | : | **Judge Weber** |
| | : | |
| **Plaintiff/Appellant,** | : | **APPLICATION FOR ATTORNEY** |
| | : | **FEES AND EXPENSES** |
| **v.** | : | |
| | : | |
| **SUSAN DUDLEY, Individually and as** | : | |
| **the parent and natural guardian of** | : | |
| **ANDREW HEMBREE,** | : | |
| | : | |
| **Defendant/Appellee.** | : | |

This Court's Order of February 13, 2004 deemed Ms. Dudley the prevailing party with an entitlement to attorney fees and expenses. Based on the attached Memorandum in Support, Affidavit of Phyllis E Brown and attached exhibits, and Affidavits of Amy Borman and Nessa G. Siegel, Ms. Dudley seeks an award of $421.77 in expenses and $88,110.00 in attorney fees, for a total of $88,531.77.

Respectfully submitted,

*Phyllis Brown*

Phyllis E. Brown (0037334)
The Law Offices of Phyllis Brown, LLC
119 East Court Street
Cincinnati, OH 45202-1203
(513) 412-7681

### MEMORANDUM IN SUPPORT OF PARENT'S
### APPLICATION FOR ATTORNEY FEES AND EXPENSES

**I.    INTRODUCTION**

Susan Dudley filed her request for due process in May 2001 because the Loveland City

School District ("Loveland") refused to provide necessary services for her son to receive a free

appropriate public education ("FAPE"). Prior to the due process hearing, Ms. Dudley - a school

bus driver for Loveland - attempted through her counsel to settle this matter. Affidavit of Phyllis

E. Brown ("Brown Affid."). Loveland expressed no interest. After both the Impartial Hearing

Officer and the State Level Review Officer ("SLRO") found that Loveland had failed to provide

FAPE, Ms. Dudley again attempted to settle this matter. *Id.* Again, Loveland refused to

consider a settlement and filed its Complaint/Notice of Appeal in this Court. Following a full-

day evidentiary hearing in this Court in September 2003, and this Court's recommendation to

both parties to consider settlement, Ms. Dudley again attempted a settlement, and again Loveland

rebuffed her. *Id.* Following this Court's Order of February 13, 2004, finding that Loveland

failed to provide her son FAPE, Ms. Dudley, through counsel, again suggested settlement.

Loveland failed to respond. *Id.* The end result is that Ms. Dudley's attorney expended 396.1

hours of time on this matter.


**II.    PROCEDURAL BACKGROUND**

On May 17, 2001, Susan Dudley, through counsel, requested a due process hearing to

challenge the refusal of Loveland to provide her son with appropriate services. The due process

hearing - held in August and September 2001 - lasted five days, with two sets of post-hearing

briefs filed by each party. Ms. Dudley's counsel prepared an exhibit book of more than 500

pages. Seven witnesses and two rebuttal witnesses testified on behalf of Loveland; eight

witnesses, including an expert, testified on behalf of Ms. Dudley.   Hearing Officer Favret

determined that Loveland failed to provide FAPE. Loveland appealed the decision to a State

Level Review Officer ("SLRO").  Following further briefing by the parties, SLRO Monica

Bohlen issued her Decision and Entry, determining that Loveland failed to provide FAPE.

Loveland filed its Complaint/Notice of Appeal with this Court.  Pursuant to this Court's

Scheduling Order, each party filed Briefs, separate Findings of Fact and Conclusions of Law, and

highlighted the opposing party's version.  This Court then held a hearing.  Following that

hearing, in response to an issue raised by the Court, Ms. Dudley supplemented the record with

her son's current IEP.  Loveland then moved to present additional evidence through affidavits,

without cross-examination by Ms. Dudley.  Ms. Dudley opposed, and this Court scheduled a full

day evidentiary hearing on the additional evidence that Loveland sought to present.  At the

evidentiary hearing, four witnesses testified on behalf of Loveland; three witnesses, including

Ms. Dudley, her expert, David Braukman, and a teacher from Trinity, testified on behalf of Ms.

Dudley.  Following the hearing, each party filed another set of post-hearing briefs.

Following its consideration of all record evidence, this Court issued its Order on February

13, 2004, finding that Loveland failed to provide FAPE and deeming Ms. Dudley the prevailing

party.  The Court required the parties to stipulate to the amount of tuition due to Ms. Dudley and

Ms. Dudley to submit her Application for Attorney Fees and Expenses.  On February 27, 2004,

the Court issued a judgment against Loveland for the tuition due plus interest and costs.  Ms.

Dudley, through counsel, computed the interest due and demanded payment of that judgment.

Brown Affid.  To date, Loveland has failed to respond to Ms. Dudley's demand for payment.  *Id.*

## III.    ARGUMENT

IDEA allows for an award of reasonable attorney fees to the parent of a child with a disability when that parent is the prevailing party. 20 U.S.C. 1415(i)(3)(B). The amount of attorney fees is based on rates within the community for the kind and quality of services furnished. *Id.* An action or proceeding under IDEA includes both civil litigation in federal court and administrative litigation before hearing officers. *Moore v. District of Columbia,* 285 U.S. App. D.C. 95, 907 F.2d 165, 176 (D.C. Cir.), *cert. denied,* 498 U.S. 998 (1990). The statute requires the court to determine the prevailing party status of the parent and, if the court deems the parent the prevailing party, the court then determines the appropriate amount of an award of attorney fees and costs.

### A.    Prevailing Party Status

This Court deemed Ms. Dudley the prevailing party. Court Order of February 13, 2004 at 44. The only issue in Loveland's Complaint/Notice of Appeal filed with this Court was whether Loveland denied FAPE to Ms. Dudley's son. At the due process level, Ms. Dudley had raised two supplemental issues: (1) whether Loveland violated IDEA's Child Find requirement in failing to evaluate the child prior to 1998, despite obvious signs of a disability; and (2) whether Loveland's 1998 Multifactored Evaluation was a complete and appropriate evaluation because Loveland never evaluated the child for behavioral issues, despite numerous behavioral incidents and Ms. Dudley's request. These issues were supplemental to and supported Ms. Dudley's primary claim of Loveland's denial of FAPE under the 2001 IEP drafted by Loveland. That these issues were supplemental and supported the main issue of denial of FAPE is reflected in Impartial Hearing Officer Favret's decision. The two supplemental issues are covered in less than three pages. IHO Decision at 16-18. The primary issue - the 2001 IEP - required ten pages.

3

*Id.* at 19-28.  Similarly, SLRO Bohlen states: "the central issue presented by this case is whether the District offered the child a FAPE."  SLRO Decision at 9.  Her discussion of the two supplemental issues raised by the parent is confined to one paragraph.  *Id.* at 14-15.

The evidence presented by Ms. Dudley in support of these two supplemental issues was relevant to her main claim of denial of FAPE under Loveland's 2001 IEP, and would have been presented in support of the main claim anyway.  Indeed, in the Findings of Fact and Conclusions of Law submitted to this Court, both Ms. Dudley and Loveland set out factual findings on these background issues, even though the only claim before the Court was Loveland's appeal of the SLRO's determination that Loveland's 2001 IEP failed to offer FAPE.  And, based in part on its factual findings of the background of her son's education in Loveland prior to Ms. Dudley's unilateral placement of him at Trinity, this Court found that Ms. Dudley met her burden and demonstrated that Loveland's 2001 IEP denied her son FAPE.  Court Order of February 14, 2004.  On this basis, Ms. Dudley seeks her full attorney fees and expenses as the prevailing party.

### B.    Reasonable Rate

Attorney fees are calculated by the time-and-rate method known as the "lodestar." The "lodestar" calculation represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991).  In determining "reasonable hourly rates," a court asks whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson,* 465 U.S. 886, 895, n.11 (1984).  The prevailing party bears the burden to justify the reasonableness of the fees sought.  *Id.*  The fee applicant must provide satisfactory evidence - in

4

addition to her own affidavit - that the requested rate is in line with prevailing rates in the

community for similar services by lawyers of reasonably comparable skills, expertise and

reputation. *Id.*

Phyllis Brown, Ms. Dudley's counsel, has submitted a detailed description of her

expenses and hourly fees for representation of Ms. Dudley. Counsel has expended $421.77 in

expenses. Affidavit of Phyllis Brown, attached Exhibit A. Expenses include federal express

services, reimbursement for mileage, LEXIS research charges, and copying costs for exhibit

books and court filings billed at 10¢ per page. David Braukman, Ms. Dudley's expert, provided

his services without fee. Counsel respectfully requests reimbursement of this sum of $421.77.

Counsel has expended 396.1 hours of legal work in this matter. Counsel has attached her

billing detail. Brown Affid., attached Exhibit A. A review of the attached billing detail

establishes that the bulk of counsel's time was spent in client meetings, developing strategy,

review of documents, preparation of exhibits, preparation of witnesses and cross examinations,

drafting pleadings, legal research for pleadings, appearances at hearings and court, and

preparation of the fee petition. Ms. Brown has submitted contemporaneous time records setting

out specific tasks performed, hours expended on each task (with calculations in one tenth-of-an-

hour segments) and the date on which each task was performed.

Ms. Dudley engaged counsel in May 2001 at a discounted hourly rate of $175.00. Brown

Affid. Ms. Brown agreed to this discounted fee because attorney fees were a severe hardship for

Ms. Dudley, who also had to front tuition costs. *Id.* Counsel's regular hourly rate at that time

was $200.00. *Id.* Her current hourly rate is $225.00. *Id.* Counsel continued to bill Ms. Dudley

at the rate of $175.00 throughout the proceedings because Loveland expressed no interest in

settling and because even at the discounted rate, partial payment was a continuing and severe

5

financial hardship for Ms. Dudley. Counsel is requesting reimbursement at her current rate of $225.00. Counsel has attached her billing with her time calculated at her current hourly rate of $225.00 for 396.1 hours, for a total of $88,110.00 in attorney fees. Brown Affid. Exhibit A. Counsel has also calculated that her 396.1 hours billed at her 2001 regular hourly rate of $200.00, would total of $79,220.00; her billing at her 2001 discounted rate of $175.00, would total of $69,318.00. The total amount due counsel, including expenses, at her current hourly rate of $225.00 is $88,531.77. Brown Affid., Exhibit A.

The United States Supreme Court has held that the use of current hourly rates is proper in a fee petition case because such rates more adequately compensate the attorney for inflation and loss of use of funds. *Missouri v. Jenkins,* 491 U.S. 274, 284 (1989). A district court recently applied this precept in a fee award under IDEA. *Mr. and Mrs R. v. Maine School Administrative District No. 35,* 295 F.Supp. 120 (D.Me. 2003). The Maine district court used the attorney's current hourly rate, not the hourly rate actually billed, to reflect the delay in payment.[1] Further, a district court may adjust the lodestar figure upward to reflect an attorney's considerable experience. *I.B. and E.B. v. New York City Department of Education*, 336 F.3d 79, 63 Fed. Appx. 21 (2d Cir. 2003) (appellate court affirmed district court's adjusting lodestar figure upward to $250 hourly rate to reflect attorney's considerable experience).

Determination of reasonable fees is based on factors including the attorney's experience, reputation and ability. *Id.* at 81, quoting *Hensley v. Eckerhart* 461 U.S at 430, n.3. Ms. Brown's current hourly rate is in line with rates charged by attorneys with her expertise representing parents of disabled children in educational matters throughout the State of Ohio.

---

[1]    In reviewing the fee petition, the Maine district court reduced the fee petition to the extent that the attorney billed for paralegal and summer associate services. *Id.* Ms. Dudley's counsel has not billed for paralegal services or for summer associate services.

Counsel is not aware of any attorneys within Cincinnati with her expertise who represent parents of disabled children in educational issues. Brown Affid. The only Cincinnati attorney with comparable expertise in special education matters is Loveland's legal counsel in this matter. And, to the best of Ms. Brown's knowledge, he does not represent parents of disabled children in litigation with school districts. *Id.* On March 2, 2004, Ms. Dudley filed a request under Ohio's Public Records Act, R.C. 149.43, to find out the hourly rate Loveland paid for legal counsel in this matter each year from 2001 through 2004 and the total fees to date Loveland incurred in this matter. *Id.*, Exhibit B. Ms. Dudley's counsel followed up that request with Loveland's new counsel. *Id.*, Exhibit C. To date, Loveland has not responded. *Id.*

Ms. Brown has practiced law in Ohio since 1986. *Id.* She has a concentration in special education matters, including representation of parents of students with disabilities and community school districts throughout the States of Ohio and Kentucky. *Id.* She has spoken at continuing legal education seminars on special education and is author of that portion of a law school text book dealing with special education law to be published in 2004 by West Law Publishing Company. *Id.*

Counsel is submitting the Affidavits of Amy Borman and Nessa G. Siegel, attorneys from Akron and Cleveland, respectfully, with comparable expertise who practice in the area of special education law throughout the State of Ohio. Ms. Borman - an attorney with four years less experience than Ms. Dudley's counsel - has expertise in special education and, like Ms. Dudley's counsel, practices in this field throughout the State of Ohio. Affidavit of Amy Borman. Ms. Borman's hourly rate for special education matters is $230.00. *Id.* Ms. Borman opines that 475 hours of attorney work over the course of three years, including the due process hearing, state level review and federal court hearings is not unreasonable. *Id.* Ms. Brown expended fewer than

7

400 hours. Brown Affid., attached Exh. A. Ms. Siegel - an attorney with experience comparable to Ms. Dudley's counsel - charges an hourly rate for special education matters of $250.00. Affidavit of Nessa G. Siegel. Ms. Siegel testifies that she spends a minimum of 250 hours at the due process level, including post hearing briefs, for a due process hearing with testimony of 10-15 witnesses. In Ms. Dudley's due process hearing, there were a total of fifteen witnesses, as well as two rebuttal witnesses, and two sets of post hearing briefs. Ms. Dudley's counsel expended less than 170 hours. Brown Affid.

At an hourly rate of $225.00, Ms. Brown's charges are comparable to other attorneys in the State of Ohio in this area of practice with her level of expertise. Ms. Brown's time efficiency, too, is more than comparable to other counsel.

## IV.    CONCLUSION

Ms. Dudley, through counsel, respectfully requests that this Court award her the full amount of her attorney fees and expenses, at an hourly rate of $225.00 to compensate for inflation and loss of use of funds. Ms. Dudley seeks an award of $421.77 in expenses and $88,110.00 in attorneys fees, for a total award of $88,531.77.

Respectfully submitted,

Phyllis Brown

Phyllis E. Brown (0037334)
The Law Offices of Phyllis Brown, LLC
119 East Court Street
Cincinnati, OH 45202-1203
(513) 412-7681

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by ordinary U.S. Mail, postage prepaid on the ___15___ day of March 2004 to the following:

J. Michael Fischer
Ennis, Roberts & Fischer
121 West 9th Street
Cincinnati, Ohio 45202

John P. Concannon
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, OH 45202

_Phyllis Brown_
Phyllis E. Brown