AFFIDAVIT OF PHYLLIS E. BROWN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LOVELAND CITY SCHOOL** <br> **DISTRICT BOARD OF EDUCATION,** | : <br> : <br> : | Case No. C-1-02-202 <br> Judge Weber |
| Petitioner/Appellant, | : <br> : | |
| v. | : <br> : | |
| **SUSAN DUDLEY, Individually and as** <br> **the parent and natural guardian of** <br> **ANDREW HEMBREE,** | : <br> : <br> : <br> : | |
| Respondent/Appellee. | : | |

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) ss: |
| COUNTY OF HAMILTON | ) |

## AFFIDAVIT OF PHYLLIS BROWN

I, Phyllis E. Brown, being duly sworn, do state and affirm as follows:

1. I am an attorney practicing law in Cincinnati, Ohio since 1986.

2. I am licensed to practice in the States of Ohio and Kentucky, before the United States District Court for the Southern District, and before the United States Court of Appeals for the Sixth Circuit.

3. I am a practicing attorney with a concentration in educational matters, including representation of parents of students with disabilities and community school districts. I have represented parents and community school districts in such matters throughout the States of Ohio and Kentucky.

4. I have litigated on behalf of special education students and on behalf of community school districts at Due Process Hearings and in federal court throughout the State of Ohio.

5. I have spoken at numerous continuing legal education seminars for attorneys regarding special education matters. I have authored the section on special education for a law school text book to be published in 2004 by West Law Publishing Company.

6. To my knowledge, there are no attorneys representing parents of special education students in Cincinnati with an expertise in special education matters comparable to mine.

7. The only Cincinnati attorney with comparable expertise in special education is Loveland's legal counsel. And, to my knowledge, neither he nor his firm represents parents of disabled children in litigation with school districts.

8. At my direction, on March 2, 2004, Ms. Dudley filed a request with the Loveland City School District under Ohio's Public Records Act (R.C. 149.43) asking for the hourly rate of Loveland's counsel each year from 2001 through the present and the amount of fees relating to this matter expended by Loveland. Her request is attached as Exhibit B.

9. On March 9, 2004, I followed up Ms. Dudley's request with a letter to Loveland's new legal counsel. My letter is attached as Exhibit C.

10. To date, neither Ms. Dudley nor I have received any response from Loveland or its counsel.

11. Susan Dudley retained me in May 2001 to represent her in her efforts to obtain a free appropriate public education for her son.

12. In my letter of engagement, I stated that I would bill her at a discounted hourly fee of $175.00. I agreed to this discounted fee because attorney fees were a severe hardship for Ms. Dudley, who also had to front tuition costs.

13. My regular hourly fee for representing parents in special education matters in May 2001 was $200.00.

14. I continued to bill Ms. Dudley at the discounted rate of $175.00 because Loveland refused to consider settlement and because even at this discounted rate, partial payments were a continued and severe financial hardship for Ms. Dudley.

15. My current hourly fee for representing parents in special education matters is $225.00. I represent parents throughout the State of Ohio at this rate is special education matters.

16. I contacted attorneys Amy Borman and Nessa G. Siegel, attorneys of similar experience and with similar practices, and requested that they provide affidavits setting out their experience and hourly fee for special education due process matters. I have attached their Affidavits to the Fee Application.

17. I have attached as Exhibit A the detailed billing of my time and expenses related to this matter. Input of the detail was contemporaneous with provision of the services. The expenses total $421.77. These include federal express services, mileage reimbursement, LEXIS research charges, and copying costs for exhibit books and court filings billed at 10¢ per page. I expended a total of 396.1 hours in this matter. At my current hourly rate of $225.00, the total in attorney fees is $88,110.00. My time was expended in meetings with the client, trial strategy, review of records, preparation of exhibits, preparation of witnesses and cross examination, legal research, drafting briefs, and preparation of this fee application. The total amount due in fees and expenses is $88,531.77.

18. I have calculated the total attorney fees at my 2001 regular hourly rate of $200.00. At that rate, the amount due in fees would be $79,220.00, plus expenses for a total of $79,641.77.

19. I have calculated the total attorney fees at my regular hourly rate of $175.00. At that rate, the amount due in fees would be $69,318.00, plus expenses for a total of $69,739.77.

20. I calculated the total number of hours that I expended preparing for and conducting the due process hearing, including strategy, review of documents, exhibit selection, preparation of witnesses and cross-examination, hearing participation and post-hearing briefs. The total time expended was between 168 and 169 hours.

21. Prior to the due process hearing in this matter, I attempted, on Ms. Dudley's behalf, to resolve the outstanding issues through settlement. Loveland expressed no interest in any settlement.

22. After SLRO Bohlen, like Impartial Hearing Officer Favret, found that Loveland failed to provide FAPE, on Ms. Dudley's behalf, I attempted to reach a settlement of this matter with Loveland. Loveland expressed no interest in any settlement.

23. After this Court's evidentiary hearing on this matter, I followed the Court's suggestion and approached Loveland to reach a settlement. Loveland expressed no interest in any settlement.

24. Following this Court's Order issued February 13, 2004, finding Ms. Dudley the prevailing party, I again suggested settlement. Loveland failed to respond.

25. Following this Court's February 27, 2004 judgment against Loveland for tuition plus interest and costs, I calculated the interest due at the statutory rate and on March 4, 2004, I demanded payment within ten days from Loveland of the tuition reimbursement due to Ms. Dudley with interest. To date, I have received no response from Loveland.

Further affiant sayeth naught.

*Phyllis Brown*
Phyllis E. Brown

Sworn to and subscribed before me this 12th day of March 2004

*Elizabeth F. Gibson*
Notary Public

ELIZABETH F. GIBSON
Notary Public, State of Ohio
My Commission Expires Feb. 19, 2007

3